**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1323
_____

THE ESTATE OF ROSARIO RAPISARDI;
JAMES P. RAPISARDI, individually and as
the successor of the Estate of Rosario Rapisardi

v.

THE ESTATE OF HARRY LANGE AND LAURILEE LANGE;
RONALD JENKINS; CHRISTOPHER MONTANA; JOHN DOES 1-10;
TIMOTHY HUHN; HUHN ENTERPRISES OCR

James P. Rapisardi,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:18-cv-14842)
District Judge: Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2022
Before: RESTREPO, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: September 28, 2022)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

———————

PER CURIAM

Oldmans Creek is a tributary of the Delaware River. It defines part of the boundary between Gloucester and Salem counties in southwestern New Jersey. And it abuts the land at the heart of this legal dispute.

On the one side of the dispute is Lot 3—the family farm of Appellant James Rapisardi, who has been proceeding individually and as successor-in-interest to the Estate of Rosario Rapisardi (collectively, "Rapisardi"). On the other side is Lot 2, a piece of property Rapisardi has described as a carve-out from the family farm (circa 1975) that has been separately and successively owned by the Estate of Harry and Laurilee Lange, Ronald Jenkins, Timothy Huhn, and Huhn Enterprises OCR.

According to Rapisardi, a section of his family's property (the so-called "sliver of land") is situated between Oldmans Creek and Lot 2, such that access to the former from the latter would require traversing Lot 3. Rapisardi has contended that Jenkins and Christopher Montana (a Lot 2 tenant) constructed and used a "boat ramp" on the sliver of land, which constituted encroachment or a trespass in violation of New Jersey law.

The land-use dispute was resolved against Rapisardi in New Jersey's court system. The intermediate appellate court, in particular, concluded as follows: "[Rapisardi] lost title over the 'sliver of land' to the State when it became submerged and fell below the mean high water line. * * * With the 'sliver of land' being owned by the State, and

2

without a grant of riparian rights from the State, [Rapisardi] cannot restrict access to Oldmans Creek from Jenkins' property. Accordingly, there was no trespass or encroachment by defendants on [Rapisardi's] property." Rapisardi v. Est. of Lange, No. A-3722-16T2, 2018 WL 1473918, at *4 (N.J. Super. Ct. App. Div. Mar. 27, 2018) (per curiam) (internal citation omitted).

Lamenting his counsel's handling of the litigation to that point, Rapisardi's next move was to file in federal court a suit seeking to, in his words, "[t]hrow out [the] state courts['] decisions." In addition to allegations about the boat ramp, Rapisardi alleged that Jenkins, specifically, removed "basement sump discharge piping that was discharging above ground and had it relocated and installed underground into side drainage ditch that Plaintiff owns approximately 50 feet of downstream of Defendant's buildings into Plaintiff's Riparian Right." Rapisardi's third amended complaint raised two claims under New Jersey law exclusively.

Thereafter, the District Court entered an order directing Rapisardi to file "a fourth amended complaint properly pleading a basis for federal jurisdiction . . . , under pain of dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3)." Rapisardi responded in turn.

The District Court described Rapisardi's new pleading as lacking "a short plain statement of the claim or a demand for relief as required by" Federal Rule of Civil Procedure 8, and as containing "only Plaintiffs' jurisdictional arguments[.]" Addressing

3

those jurisdictional arguments, the District Court determined that Rapisardi failed to adequately allege diversity jurisdiction under 28 U.S.C. § 1332, as he did not allege "the state *citizenship* of any party in this case," and did not even provide information regarding the residence of multiple named defendants. The District Court also determined that Rapisardi failed to adequately allege federal-question jurisdiction under § 1331. Insofar as Rapisardi suggested that his action implicated the Clean Water Act, 33 U.S.C. § 1251, et seq., or else 33 U.S.C. § 701, et seq. (relating to "flood control"), the District Court reasoned that those laws did not provide a private right of action against a private litigant, under the circumstances or at all, respectively. Additionally, the District Court determined that Rapisardi failed to adequately allege a "factual basis for admiralty jurisdiction" under § 1333. The District Court thus dismissed Rapisardi's case for lack of subject matter jurisdiction.

This appeal followed. We have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review of an order dismissing an action under Rule 12(h)(3) is de novo. See S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 186 n.6 (3d Cir. 2000).

For essentially the reasons given by the District Court in the underlying order, dismissal pursuant to Rule 12(h)(3) was proper. In particular, Rapisardi's argument in favor of jurisdiction under § 1332, based only on *some* of the defendants' residencies, see Br. 10, overlooks that such jurisdiction requires "complete diversity between all plaintiffs and all defendants," Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

4

As for jurisdiction under § 1331, Rapisardi's newfound focus on federal regulation of water pollution, see, e.g., Br. 43, and one or more "twelve-mile" riparian rules, see, e.g., Br. 27; cf. New Jersey v. Delaware, 291 U.S. 361, 385 (1934); Proclamation No. 5928, 54 Fed. Reg. 777, 777 (Dec. 27, 1988), are not properly considered in this appeal, see Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."). But even assuming, arguendo, that Rapisardi had not forfeited his ability to present those issues, none of them would reveal a legitimate federal-law hook to what is and plainly has been a land-use dispute between neighbors under New Jersey law. See Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016); cf. City of Hoboken v. Chevron Corp., No. 21-2728, --- F.4th ---, 2022 WL 3440653, at *5 (3d Cir. Aug. 17, 2022) (observing that "our system presumes that most state-law claims belong in state, not federal, court").

Rapisardi's remaining jurisdictional arguments are unpersuasive. Accordingly, the judgment of the District Court will be affirmed. Additionally, we deny Rapisardi's application (as amended, see Docs. 12 and 15) to enjoin the Logan Township, New Jersey zoning authority from approving a variance request unrelated to the sliver of land or some other aspect of the case as pleaded below. Cf. Adams v. Freedom Forge Corp., 204 F.3d 475, 489–90 (3d Cir. 2000) (affirming denial of injunction where plaintiffs'

harm was "insufficiently related to the complaint and does not deserve the benefits of protective measures that a preliminary injunction affords").